UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

YOLANDA GREEN,

                              Plaintiff,                      26-CV-6189-FPG

v.

                                                   DECISION AND ORDER

NEW YORK STATE OFFICE OF
TEMPORARY AND DISABILITY
ASSISTANCE COMMISSIONER
ET AL.,

                              Defendants.

## INTRODUCTION

*Pro se* Plaintiff Yolanda Green brings this civil action against the New York State Office of Temporary and Disability Assistance ("OTDA"), OTDA Commissioner Barbara C. Guinn ("the Commissioner"), and OTDA Commissioner Designee Leslie Eyma ("the Designee"). ECF No. 4 at 1-2. She alleges due process violations. *Id.* at 3-4. Plaintiff seeks monetary damages and injunctive relief. *Id.* at 5. Plaintiff was previously granted leave to proceed *in forma pauperis*, and the Complaint was dismissed under 28 U.S.C. § 1915. ECF No. 3. Currently pending before this Court is Plaintiff's Amended Complaint. ECF No. 4. For the reasons that follow, Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEGAL STANDARD

Section 1915 provides "an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Pursuant to Section 1915(e), the Court must dismiss a complaint in a civil action if it determines at any time that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3)

seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"To plead a cognizable claim, [the] complaint must allege enough facts to 'state a claim to relief that is plausible on its face.'" *Inkel v. Connecticut*, No. 3:14-CV-1303, 2015 WL 4067038, at *1 (D. Conn. July 2, 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the Amended Complaint, "the Court 'accepts as true all factual allegations in the complaint' and draws all inferences in the light most favorable to the [p]laintiff." *Id.* (quoting *Cruz v. Gomez*, 202 F.3d 593, 596 (2d Cir. 2000)).

## DISCUSSION

Plaintiff claims due process violations against OTDA, the Commissioner, and the Designee.[1] In her first claim, Plaintiff asserts that pursuant to 42 U.S.C. § 1983, "Defendants failed to provide due process [while] investigating an IRS business account" in that "Defendants relied on fraudulent and incorrect information, including a false address connected to an IRS business account ending in 354," and that "Plaintiff['s] identity [was] being fraudulently used . . . to divert mail to an unknown address." ECF No. 4 at 3-4. In her second claim, Plaintiff asserts that pursuant to 7 C.F.R. § 273.2(f), Defendants failed to reasonably investigate a "false power of attorney," an IRS account ending in 3541, and a "fraudulent address," and was denied due process after Defendants ignored her request to investigate further. *Id.* at 4. As Plaintiff is *pro se*, the Court "liberally construe[s]" her complaint to consist of violations of both procedural and substantive

---

[1] Plaintiff indicates that the basis for subject matter jurisdiction is 42 U.S.C. § 1983 and 7 C.F.R. 273.2(f). ECF No. 4 at 1. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). As Plaintiff has failed to assert how she was deprived of a right, privilege, or immunity secured by the Constitution pursuant to 42 U.S.C. § 1983, this Court concludes that she has not properly asserted a claim. Additionally, 7 C.F.R. § 273.2(f) relates to SNAP benefit eligibility. Nowhere in Plaintiff's complaint does she allege anything having to do with SNAP benefits, and thus, this Court concludes she has not properly asserted a claim.

due process rights against Defendant pursuant to § 1983. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Nevertheless, the Court concludes that she has failed to sufficiently allege either claim.

### I.    Substantive Due Process

"Substantive due process protections extend only to those interests that are implicit in the concept of ordered liberty, which are rights so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Smith v. Hogan*, 794 F.3d 249, 255-56 (2d Cir. 2015) (internal citations and quotation marks omitted). Here, Plaintiff does not allege that a fundamental right of hers was violated in either of her two claims. To the extent that Plaintiff, in her first claim, asserts that Defendants "relied on fraudulent and incorrect information, including a false address connected to an IRS business account ending in 3541 attributed to Plaintiff," ECF No. 4 at 4, she fails to point to an interest so "implicit in the concept of ordered liberty" that it would be considered fundamental. *See Smith*, 794 F.3d at 255-56. To the extent that Plaintiff, in her second claim, asserts that Defendants "ignored [her] request and failed to respond" to Plaintiff's request for Defendants to "investigate a false power of attorney, the IRS business account eding [sic] in 3541," ECF No. 4 at 4, once again, Plaintiff fails to provide any information as to how such allegation is akin to a fundamental right. *See Smith*, 794 F.3d at 255-56. As such, Plaintiff has failed to state a substantive due process claim.

### II.    Procedural Due Process

Next, the Court analyzes whether Plaintiff failed to state a procedural due process claim. Procedural due process claims require a showing that Defendants deprived Plaintiff of some legally cognizable interest in life, liberty, or property without affording him sufficient process. *See Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017). In her first claim in which she alleges that

Defendants "relied on fraudulent and incorrect information," ECF No. 4 at 4, Plaintiff fails to state any cognizable life, liberty or property interest that she has purportedly been deprived of without constitutionally sufficient process. *See Proctor*, 846 F.3d at 608. In her second claim, Plaintiff alleges that the IRS failed to investigate a "false power of attorney, the IRS business account ending in 3541 under [her] name, and a fraudulent address." ECF No. 4 at 4.  However, Plaintiff once again fails to show that Defendants deprived her of a life, liberty, or property interest without sufficient process. *See Proctor*, 846 F.3d at 608. As such, Plaintiff has failed to state a procedural due process claim.

### III.    Dismissal with Prejudice

The Court declines to give Plaintiff another opportunity to amend her claims. A court need not give a *pro se* plaintiff "an opportunity to amend his or her pleading before dismissing that pleading for failure to state a claim[ ] . . . where, as here, the plaintiff has already been afforded the opportunity to amend his or her pleading." *Bratton v. Fitzpatrick*, No. 12-CV-204, 2012 WL 4754558, at *2 (N.D.N.Y. Oct. 4, 2012). Indeed, because Plaintiff previously failed to take advantage of her opportunity to substantiate her legal claims with additional relevant factual allegations, *see* ECF No. 1; ECF No. 4 at 3-4, the Court concludes that "any attempt to replead would be futile." *Doroz v. Delorio's Foods, Inc.*, 437 F. Supp. 3d 140, 159 (N.D.N.Y. 2020). As such, both of Plaintiff's claims are dismissed with prejudice.

### CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint (ECF No. 4) is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and that leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct requests to

proceed on appeal as a poor person to the United States Court of Appeals for the Second Circuit on motion in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: June 9, 2026
       Rochester, New York

                                                HON. FRANK P. GERACI, JR.
                                                United States District Judge
                                                Western District of New York